**Frederic E. WRIGHT, Plaintiff–Appellant,**

v.

**UNITED AUTOMOBILE, Aerospace and Agricultural Implement Workers of America, Local 659, and General Motors Corporation, Defendants–Appellees.**

No. 00–1153.

United States Court of Appeals,
Sixth Circuit.

May 31, 2001.

Before JONES and DAUGHTREY, Circuit Judges, and ECONOMUS,* District Judge.

PER CURIAM.

The plaintiff, Fredric Wright, appeals from the district court's grant of summary judgment to the defendants, General Motors Corporation and UAW Local 659, on Wright's hybrid § 301 claim, 29 U.S.C. § 185, alleging breach of contract and breach of the duty of fair representation. The plaintiff's claim arose from the company's decision to promote Lynn Rowell, rather than Wright, to a skilled trade position in the building repair section of the company's Flint, Michigan, plant. Wright contends that the union failed to represent his interests adequately when the labor organization voluntarily withdrew the grievance he had filed with the company over the hiring decision. According to Wright, he was equally qualified for the position at issue and, because of his greater seniority, should have been awarded the promotion according to the provisions of the applicable collective bargaining agreement.

In granting summary judgment to the defendants, the district court concluded that the plaintiff had failed to establish that the union's representational actions were arbitrary, discriminatory, or in bad faith, *see, e.g., Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), or that they were "so far outside a 'wide

---

* The Hon. Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

range of reasonableness' ... as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citation omitted). In fact, the evidence in the record before us clearly establishes that union officials legitimately believed either that another unsuccessful applicant for the job was more deserving of the position than Wright because of prior skilled trade experience, or that Rowell was entitled to the position to prevent his unemployment due to departmental downsizing.

Thus, despite the plaintiff's assertions to the contrary, we conclude that the district court did not err in ruling that Wright adduced insufficient evidence to create a genuine issue of material fact regarding the adequacy of the representation offered the plaintiff by Local 659 throughout the union-management grievance proceedings. Because the district judge dealt fully and correctly with every issue raised by Wright in this appeal, and because the issuance of another detailed opinion by this court would be duplicative and would therefore serve no useful purpose, we AFFIRM the judgment of the district court for the reasons set out in that court's well-reasoned opinion of January 13, 2000.